CAUSE NO 01-15-00066-CV

IN THE

FIRST COURT OF APPEALS

HARRIS COUNTY TEXAS

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

MAR 1 0 2015

CHRISTOPHER A. PRINE
CLERK

---

PATRICK OLAJIDE AKINWAMIDE

APPELLANT

V

TRANSPORTATION INSURANCE COMPANY

CNA INSURANCE COMPANY AND

AUTOMATIC DATA PROCESSING INC.

APPELLEES

---

FROM THE 80TH DISTRICT COURT

OF HARRIS COUNTY, TEXAS

---

MOTION FOR AN ORDER TO INCLUDE THE APPEAL FROM THE TRIAL COURT'S ORDER OF OCTOBER 3, 2014 IN APPELLATE CASE NO 01-15-00066 CV

---

PATRICK OLAJIDE AKINWAMIDE, PROSE

2151 SOUTH KIRKWOOD ROAD, #295

HOUSTON, TEXAS 77077

(832) 620-9345

1

TO THE HONORABLE JUSTICES OF SAID COURT:

The Appellant, Patrick Olajide Akinwamide files his motion to the Court for an order to include the appeal from the Trial Court's order of October 3, 2014 in Appellate Case No. 01-15-00066-CV.

On January 15, 2015 a letter of assignment from the 80th District Court Trial Court Clerk and a copy of the notice of appeal filed by the Appellant, Patrick Olajide Akinwamide in the Trial Court was received by the First Court of Appeals and docketed as Cause No. 01-15-00066-CV.

Appellant's notice of appeals filed with the District Clerk on November 25, 2014 includes appeals from the orders of October 3, 2014 and November 4, 2014. *See attachment 'A'* and hereby incorporated by reference.

According to the First Court of Appeals order on motions dated March 3, 2015, the Appellant's appeal from the Trial Court's order of October 3, 2014 was not included in the Appellant's appeals, pursuant to the Tex. Civ. Prac. & Rem. Code §§ 11.101, 11.102 and the mandate of the Court issued on May 13, 2013.

First, there was no notice filed by any party with the clerk and served on Plaintiff, Patrick Olajide Akinwamide and other parties in Cause No. 97-48526 stating that the Plaintiff I a vexatious litigant required to obtain permission under CPRC §11.102. *See CPRC §11.1035(a).*

Second, Appellant, Patrick Olajide Akinwamide obtained an order from the appropriate local Administrative Judge described by CPRC §11.102(a) permitting the filing of appeals from the orders of October 3, 2014 and November 4, 2014. *See CPRC §11.1035(b); See also, attachment 'B' hereby incorporated by reference.*

Third, the Trial Court, and the Trial Court's Clerk (District Clerk) do not have the authority to withhold an appeal from being forwarded to the Court of Appeals

2

once the notice of appeal is filed and stamped. *See CPRC §11.1035.* Also, the Trial Court and the Trial Court's Clerk (District Clerk) do not have the authority to remove any part of the notice of appeal. The second page to the Appellant's notice of appeal, which is the signature page, was removed from the notice of appeals. *See attachment 'C' hereby incorporated by reference.*

Fourth, appellant filed with the Trial Court Clerk (District Clerk) requests and supplemental request to include the complete notice of appeals filed November 25, 2014 and the "Plaintiff's Motion to Correct the Omission of Automatic Data Processing Inc. and CNA Insurance Company from the style of Cause No. 97*48526 in the Court's Order of October 3, 2014 without success. The First Court of Appeals should take judicial notice in the record of this appeal.

Fifth, the Trial Court's order of October 3, 2014 and the Plaintiff's motion to correct the order filed October 9, 2014 preceded the order declaring Plaintiff a vexatious litigant. As such, CPRC §§11.101, 11.102 would not bar Appellant's appeal from the Trial courts order of October 3, 2014. *See* attachment 'D' and hereby incorporated by reference.

Sixth, the First Court of Appeals should consider the Appellant's appeal from the Trial Court's order of October 3, 2014 because Appellant challenges the Trial Court's jurisdictional power under the Texas Workers' Compensation Act over the claim for compensation in Cause No. 97-48526. Jurisdiction, once challenged, cannot be assumed and must be decided. *See Main v Thiboutot 100 S. CT. 2502 (1980).* A Court cannot confer jurisdiction where none existed and cannot make a void judgment valid. *See Old Wayne Mut. L. Ass'n v McDonough, 204 U.S. 8, 27, S. CT. 236 (1907).*

The Trial Court lacked the jurisdictional power under the Texas Workers' Compensation Act over the claim for compensation when the final judgment was

3

signed August 9, 2000 in Cause No. 97-48526. The Appellee's employer, Automatic Data Processing Inc. failed to provide proof of its Workers' Compensation Insurance Policy to establish itself a a subscriber under the Texas Workers' Compensation Act at the time of Appellant's work-related injuries. *See attachment 'D', and hereby incorporated by reference. This attachment 'D' is offered as exhibit 'A' to the "Plaintiff's Motion to Correct the Omission of Automatic Data Processing Inc..... in the Court's Order of October 3, 2014" and also part of evidence admitted in the show cause hearing.*

The Texas Workers' Compensation Act requires the proof of the employer's Workers' Compensation Insurance Policy to establish the employer as a subscriber under the Texas Workers' Compensation Act at time of employee's work-related injuries, before the Act can take effect or be applied to a claim for compensation. *See Tex. Rev. Civ. Stat. Ann. Arts. 8306-8309, 8306, §4, 8308 §§19, 20, 8309, §1; See Middleton v Texas Power & Light Co., 249 U.S. 152, 153-54, 39 S. CT. 227, 63 L. Ed 527 (1919); Paradissis v Royal Indemnity Co., 507 S.W. 2d 526, 529 (Tex. 1974); Guerrero v Standard Alloys Mfg. Co., 598 S.W. 2d 656, 657 (Civ. App.-Beaumont 1980, ref'd n.r.e.); Johnston Testers v Rangel, 435 S.W. 2d 927, 930, 931 (Tex. Civ. App. -San Antonio 1968 ref. n.r.e.); Aerospatiate Helicopter v Universal Health 778 S.W. 2d 492 (Tex. App.-Dallas 1989, writ denied)*

The Appellee-employer, automatic Data Processing Inc. did not provide any proof of its Workers' Compensation Insurance policy at the time of Appellant's work-related injuries to establish itself as a subscriber under the Texas Workers' Compensation Act. *See exhibit 'A'* there is no proof or evidence in Cause No. 97-48526 that the employer, or any of the defendants provided proof of Automatic Data Processing Inc's Workers' Compensation Insurance Policy at the time of Plaintiff's work-related injuries.

4

Because the legislature did not authorize the Trial court to grant relief sought in the Appellant's claim for compensation, the Trial Court lacked jurisdictional power over the claim for compensation. *See Tex. Rev. Civ. Stat. Ann Art. 8306§4*; Metro Transit Auth. v Jackson, 212 S.W. 3d 797, 801 (Tex. App.-Houston [1st Dist.] 2006, Pet denied).

The lack of subject matter jurisdiction is fundamental error. *See Saudi v Brieven 16 S.W. 3d 108, 110 (Tex. App.-Houston [1st Dist.] 2004, no Pet.)*. The test for subject matter jurisdiction is whether the court has power to enter the judgment upon an inquiry and not whether its conclusion is correct. *See Dioceses of Galveston-Houston v Stone, 892 S.W. 2d 169, 174 (Tex. App.-Houston [14th Dist.] 1994, Org proceeding)*. The jury finding and verdict upon which the Trial court's final judgment was based is immaterial without proof of the employer, automatic Data Processing Inc.'s Workers' Compensation Insurance policy at the time of Appellant's work-related injuries. *See Guerrero v Standard Alloys Mfg. Co., 598 S.W. 2d 656, 657 (Civ. App.-Beaumont 1980, Ref'd n.r.e.); Johnston Testers v Rangel, 435 S.W. 2d 927, 930, 931 (Tex. Civ. App.-San Antonio 1968 ref'd n.r.e.); Aerospatiate Heleicopter v Universal Health 778 S.W. 2d 492 (Tex. App. Dallas 1989, writ denied)*.

At the same time, in order to claim a right to protections afforded an employer under the Workers' Compensation Act, the Appellee, automatic Data Processing Inc must provide Appellant with actual or constructive notice that the employer, Automatic Data Processing Inc. provided compensation for injuries sustained in the course and scope of employment. *See Tex. Rev. Civ. Stat. Ann. Art 8308, §§19, 20; Regalado v H.E. Butt Grocery Co., 863 S.W. 2d 107, 110 (Tex. App.-San Antonio 1993, no writ); Rodriguez v Martin Landscape Management, Inc., 882 S.W. 2d 602, 606 (Tex. App.- Houston [1st Dist.] 1994, no writ); Ferguson v Hospital Corp. Int'l, 769 F. 2d 268, 271-72 (5th Cir. 1985)*.

5

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the forgoing instrument was delivered via certified mail, return receipt requested or hand delivered to all counsels of record on this the 10th day of March 2015.

Mr. Jeffrey L. Diamond
TX Bar No. 058025000
1010 San Jacinto Street
Houston, Texas 77002
Attorney of Record for Transportation Insurance Company, CNA Insurance Company and Automatic Data Processing Inc.


Court Clerk
Attention: The 80th District Court
201 Caroline, 9th Floor
Houston, Texas 77002


Harris County District Clerk
Attention: Civil/Family Post Trial
201 Caroline, 2nd Floor
Houston, Texas 77002

Patrick Olajide Akinwamide, ProSe
2151 S. Kirkwood Rd., Apt. 295
Houston, TX 77077
Tel: (832) 620-9345

ATTACHMENT 'A'
COMPLETE
NOTICE OF APPEAL FILED WITH THE
DISTRICT CLERK ON NOVEMBER, 25, 2014

Cause No. 97-48526

| | | |
|---|---|---|
| Patrick Olajide Akinwamide | § | In the District Court of |
| vs | § | Harris County, Texas |
| Transportation Insurance Company | § | 80th Judicial District |
| CNA Insurance Company, and | § | |
| Automatic Data Processing Inc. | § | |

**FILED**
Chris Daniel
District Clerk

NOV 25 2014

Time:_____
Harris County, Texas
By_____
Deputy

NOTICE OF APPEAL

TO THE HONORABLE COURT:

Patrick Olajide Akinwamide, Plaintiff in the above Styled and numbered Cause, gives notice of his intent or desire to appeal the Trial Court's Order and rendered on October 3, 2014 denying Plaintiff's Motion to set aside the final judgment in Cause No. 97-48526 as void, dismiss the Plaintiff's claim for commendation or lack of jurisdiction under TWCA, and the Trial Court to proceed with Plaintiff's Common Law Causes of action until its final resolution.

Plaintiff further appeals Trial Court's orders of November 4, 2014 that:

1) Declared or find Plaintiff a vexatious litigant

2) Sanctioned Plaintiff

3) Order finding that the appropriate security/sanction, including the award of reasonable expenses and cost including reasonable attorney's fees to the defendant is $2,500.00

4) Ordered Plaintiff to pay $2,500.00 to the defendant no later than December 1, 2014

5) Ordered to pay the amount of $500.00 to the clerk of the court no later than December 1, 2014

6) Order that prohibit Plaintiff from filing in Propria Persona, a new litigation in a court in this state without first obtaining permission from a local administrative judge under Texas Civil Practices Remedial Code Section 11.101, and order that restricts Plaintiff as indigent to file new litigation in Propria Persona.

Plaintiff filed on October 9, 2014, a motion to correct the omission of the defendants Automatic Data Processing Inc., and CNA Insurance Company from the style of Cause No. 97-48526 in the Trial Court's order of October 3, 2014 which has not been ruled upon by the Court.

Plaintiff also, filed his objections to the Trial Court's Order of November 4, 2014 and the Court's Clerk did not accept Plaintiff's objections for filing and direct Plaintiff to the Administrative Judge without success.

Plaintiff did not request for findings of fact and conclusions of law because of the refusal of the Trial Court's Clerk to file my documents.

This Appeal is to the First Court of Appeals in Houston, Texas

Respectfully submitted,

Patrick Olajide Akinwamide, ProSe
2151 S. Kirkwood Rd., Apt. 295
Houston, TX 77077
Tel: (832) 620-9345

## Certificate of Service

I certify that a true and correct copy of the forgoing instrument was delivered via certified mail, return receipt requested or hand delivered to all counsels of record on this the 25TH day of November 2014.


Mr. Jeffrey L. Diamond

TX Bat No. 058025000

1010 San Jacinto Street

Houston, Texas 77002

Attorney of Record for Transportation Insurance Company, CNA Insurance Company and Automatic Data Processing Inc.


Patrick Olajide Akinwamide, ProSe

2151 S. Kirkwood Rd., Apt. 295

Houston, TX 77077

Tel: (832) 620-9345

ATTACHMENT 'B'

1. ORDER FROM THE LOCAL ADMINISTRATIVE JUDGE JANUARY 23, 2015

2. REQUEST FOR PERMISSION TO FILE APPEAL FILED JANUARY 14, 2015

CAUSE NO. 1997-48526

| | | |
|---|---|---|
| PATRICK OLAJIDE AKINWAMIDE, Plaintiff | § § § | IN THE DISTRICT COURT OF |
| vs. | § § | HARRIS COUNTY, TEXAS |
| TRANSPORTATION INSURANCE CO., ET AL. Defendants | § § § § | 80th JUDICIAL DISTRICT |

## ORDER

On November 4, 2014, the 11th District Court entered an order adjudicating the Petitioner, Patrick Olajide Akinwamide (Akinwamide), as a vexatious litigant in the above case. On January 14, 2015, Mr. Akinwamide filed a request with the Harris County Local Administrative District Judge (Administrative Judge) asking for permission to appeal the judgment in the above case.

Although it appears this case has been final since May 16, 2013, the Administrative Judge nevertheless GRANTS Mr. Akinwamide's request to file an appeal in the above matter.

Signed January 23, 2015.

Robert K. Schaffer
Local Administrative District Judge
Harris County Texas

**FILED**
Chris Daniel
District Clerk

JAN 23 2015 4:43 p~
Time:_____
Harris County, Texas
By_____
Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Page 1 of 1

Cause No. 97-48526

| | | |
|---|---|---|
| Patrick Olajide Akinwamide | § | In the District Court of |
| vs | § | Harris County, Texas |
| Transportation Insurance Company | § | 80th Judicial District |
| CNA Insurance Company, and | § | |
| Automatic Data Processing Inc. | § | |

**FILED**
Chris Daniel
District Clerk

JAN 1 4 2015

Time:_____
Harris County, Texas
By_____
Deputy

## REQUEST

### FOR PERMISSION TO FILE APPEAL

TO THE HONORABLE ADMINISTRATIVE JUDGE:

Comes now, Patrick Olajide Akinwamide, Plaintiff in the above-styled and numbered cause and request the permission of the Honorable Administrative Judge to allow the appeal of the orders of the Trial Court dated October 3, 2014 and November 4, 2014 which were filed with the District Clerk on November 25, 2014.

Plaintiff was lead to believe that after an attempt to file objections at the Trial Court concerning the orders of the November 4, 2014 on November 7, 2014, that it was not required to request permission from the Honorable Administrative Judge to file an appeal, since similar request for permission to file objections was not considered by the Administrative Judge.

1

Plaintiff did not intentionally disregard the provision of CPRC §§11.101, and 11.102. Plaintiff was lead to believe that the request for permission of the Administrative Judge to file his appeal was not necessary when the Administrative Judge said he has no jurisdiction to permit filing of objections. The appeal from the order of October 3, 2014 was based on the denial of the motion to vacate the final judgment in Cause No. 97-48526. The motion to vacate the judgment was denied and the order signed October 3, 2014 before the declaration of Plaintiff as a vexatious litigant by the order of November 4, 2014.

Plaintiff's appeal is not (1) frivolous, (2) groundless and brought in bad faith or groundless and brought for the purpose of harassment, or groundless and interposed for any improper purpose, such as to cause unnecessary needless increase in the cost of litigation.

Plaintiff's appeal will be supported by proper argument and evidence warranted by law as demonstrated in the pleadings and motions at the Trial Court.

Plaintiff filed his appeal from the order of October 3, 2014 and orders of November 4, 2014 on the 25th of November, 2014 with the District Clerk as required by law.

The issue of Plaintiff's failure to obtain pre-filing permission from the Honorable Administrative Judge to file his appeal was for the first time brought to the attention of Plaintiff when Plaintiff called the Post Judgment office (District Clerk) on Tuesday, January 13, 2015 to check the status of the appeal, because Plaintiff had not received anything from the First Court of Appeal.

The manager in the Post Judgment Office (District Clerk) informed Plaintiff Tuesday, January 13, 2015 that the County Attorney for the Honorable Administrative Judge is reviewing the case and that the office would notify Plaintiff of the outcome.

2

Plaintiff prays that the Honorable Administrative Judge will permit or approve the filing of the Plaintiff's Appeal for the purpose of preserving justice and fairness.

Respectfully submitted,

Patrick Olajide Akinwamide, ProSe
2151 S. Kirkwood Rd., Apt. 295
Houston, TX 77077
Tel: (832) 620-9345

3

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the forgoing instrument was delivered via certified mail, return receipt requested or hand delivered to all counsels of record on this the 14th day of January 2015.

Mr. Jeffrey L. Diamond

TX Bat No. 058025000

1010 San Jacinto Street

Houston, Texas 77002

Attorney of Record for Transportation Insurance Company, CNA Insurance Company and Automatic Data Processing Inc.

_____

Patrick Olajide Akinwamide, ProSe

2151 S. Kirkwood Rd., Apt. 295

Houston, TX 77077

Tel: (832) 620-9345

ATTACHMENT 'C'

DOCUMENT OF NOTICE OF APPEAL
FILED WITH THE FIRST COURT OF
APPEAL FROM THE DISTRICT CLERK
OFFICE.



Cause No. 97-48526



| | | |
|---|---|---|
| Patrick Olajide Akinwamide | § | In the District Court of |
| vs | § | Harris County, Texas |
| Transportation Insurance Company | § | 80th Judicial District |
| CNA Insurance Company, and | § | |
| Automatic Data Processing Inc. | § | |

**FILED**
Chris Daniel
District Clerk

NOV 25 2014

Time:_____

By_____
Harris County, Texas
Deputy

## NOTICE OF APPEAL

TO THE HONORABLE COURT:

Patrick Olajide Akinwamide, Plaintiff in the above Styled and numbered Cause, gives notice of his intent or desire to appeal the Trial Court's Order and rendered on October 3, 2014 denying Plaintiff's Motion to set aside the final judgment in Cause No. 97-48526 as void, dismiss the Plaintiff's claim for commendation or lack of jurisdiction under TWCA, and the Trial Court to proceed with Plaintiff's Common Law Causes of action until its final resolution.

Plaintiff further appeals Trial Court's orders of November 4, 2014 that:

1) Declared or find Plaintiff a vexatious litigant

2) Sanctioned Plaintiff

3) Order finding that the appropriate security/sanction, including the award of reasonable expenses and cost including reasonable attorney's fees to the defendant is $2,500.00

## Certificate of Service

I certify that a true and correct copy of the forgoing instrument was delivered via certified mail, return receipt requested or hand delivered to all counsels of record on this the __25TH__ day of November 2014.

Mr. Jeffrey L. Diamond

TX Bat No. 058025000

1010 San Jacinto Street

Houston, Texas 77002

Attorney of Record for Transportation Insurance Company, CNA Insurance Company and Automatic Data Processing Inc.

Patrick Olajide Akinwamide, ProSe

2151 S. Kirkwood Rd., Apt. 295

Houston, TX 77077

Tel: (832) 620-9345

ATTACHMENT 'D'

(1) MOTION TO CORRECT THE TRIAL COURT'S ORDER OF OCTOBER 3, 2014

(2) VERIFIED EXCERPTS FROM COURT REPORTER RECORD IN THE TRIAL OF CAUSE NO. 97-48526.

CONFIRMED FILE DATE: 10/9/2014

FILED
Chris Daniel
District Clerk

OCT 09 2014

Time: _____ 3:30PM
Harris County, Texas
By _____ AC
Deputy

P-8

1997

Cause No. 97-48526

| | | |
|---|---|---|
| Patrick Olajide Akinwamide | § | In the District Court of |
| vs | § | Harris County, Texas |
| Transportation Insurance Company | § | 80th Judicial District |
| CNA Insurance Company, and | § | |
| Automatic Data Processing Inc. | § | |

## MOTION TO CORRECT THE OMISSION OF AUTOMATIC DATA PROCESSING INC. AND CNA INSURANCE COMPANY FROM THE STYLE OF CAUSE NO. 97-48526 IN THE COURT'S ORDER OF OCTOBER 3,2014

TO THE HONORABLE JUDGE OF SAID COURT: Comes now, Patrick Olajide Akinwamide, Plaintiff in the above-styled and numbered cause, and files this Motion to correct the omission of Automatic Data Processing Inc., CNA Insurance Company from the style of Cause No. 97-48526 in the court's order of October 3, 2014 and the Plaintiff would respectfully show the court the following:

1) In its memorandum opinion of September 6, 2012, the Court of Appeal for the First District of Texas states that "by pleading in the alternative, Appellant's Amended Petition did not dismiss the IAB issue but rather added Alternative Pleadings to that original claim." *Citing Gen. Elec. Co.; Ducane Heating Corp.; 561 S.W. 2d 49-50 (Tex. Civ. App.-Houston [14th Dist.] 1978, no writ (pp5).*

2) Also in the response, defendants assert that "Plaintiff amended his original petition by filing Plaintiff's first amended original petition alternative pleadings" to bring common-law causes of action against the defendants." The defendants filed a

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

motion to strike the pleadings but did not file an amended answer." Further, in the motion to strike a Plaintiff's first amended original petition alternative pleadings signed by the counsel, Mr. Jeffery L. Diamond, it was asserted that "Plaintiff is now alleging various causes of action against defendant and additional parties." *See defendants response and motion for sanctions filed with the court on October 2, 2014; Plaintiff's Exhibit "D" attached to the motion to set-aside the final judgment in Cause No. 97-48526.....) Plaintiff herby adopted the entire motion and response by reference.* Plaintiff's first amended original petition alternative pleadings was not stricken and it is before the court. The attorney, Mr. Jeffrey L. Diamond was the attorney for both Automatic Data Processing Inc. and CNA Insurance in Cause No. 97-48526. *See Exhibit 'K' attached to Plaintiff's motion to set-aside the final judgment...).* Automatic Data Processing Inc. and CNA Insurance Company are the added parties referred to in the motion to strike. As such, by filing a dilatory plea in the form of a motion to strike, and asserting that the court clearly lacked jurisdiction to preside over the additional parties or causes of action contained in Plaintiff's first amended original petition, the defendants Transportation Insurance Company, CNA Insurance Company, and Automatic Data Processing Inc, made a general appearance and waives service of process of the Plaintiff's first amended original petition alternative pleadings in Cause No. 97-48526. *See Tex. R. Civ. P. 120;120a; 120 a(1); Von Briesen, Purtell, Roper v French, 78 S.W. 3d 570, 575, (Tex. App.- Amarillo 2002, Pet Dism'd); Weiner v Colwell 909 S.W. 2d 866 (Tex. 1995); Dawson-Austin v Austin, 968 S.W. 2d 319, 321-322 Tex. 1998).* The test for fair notice is "whether an opposing attorney of reasonable competence with the pleadings before him, can ascertain the nature and the testimony probably relevant. *See State Fidelity Mortgage Co. v Vamer 740 S.W. 2d 477, 479 (Tex. App.-Houston [1st Dist] 1987, no writ).* As such, the employer, Automatic Data Processing Inc. and CNA Insurance Company are added parties and defendants in Cause No. 97-48526.

3) Notice to the Industrial Accident Board (TWCC) of Workers Compensation Insurance coverage is necessary to achieve subscriber status under the Texas Workers' Compensation Act or system. *See Tex. Rev. Civ. Stat. Art. 8308 § 18a; Aguilar v Wenglar Construction Co, 871 S.W. 2d 829, 832-833 (Tex. App.-Corpus Christi 1994, no writ); Ferguson v Hospital Corp. Intern. LTD. 769 F. 2d 268 (1985).* With regard to the Industrial Accident Board (TWCC) finding, roll number 1, the board finds that "on the date of injury said employer was *either* a subscriber, authorized self-insured, or had provided Workers' Compensation coverage in Texas by virtue of Article 8306, Section 18 R.C.S. That said employer was insured with the insurance carrier, or self-insured, as named above." The Industrial Accident Board (TWCC) was not certain and definite with this finding. Implicitly, this finding shows that there was no proof in the records of the IAB, that the employer was a subscriber, self-insured, or had Workers' Compensation Insurance coverage at the time of Patrick Olajide Akinwamide's on-the-job injuries, on October 15, 1989. Otherwise, the finding would have been certain about the subscriber status of Automatic Data Processing Inc. and it provision of Workers' Compensation Insurance coverage at the time of the employee's Patrick Olajide Akinwamide's on-the-job injuries on October 15, 1989. Based on the finding in Roll Number 1 of its final decision or award the Industrial Accident Board (TWCC) finds in Roll Number 9 that the evidence submitted is legally insufficient to establish that the claimant sustained a compensable injury in the course of employment. The Board denied the claim because there was no proof that the employer Automatic Data Processing Inc. was a subscriber under the Texas Workers' Compensation Act and did not provide Workers' Compensation coverage at the time of Patrick Olajide's on-the-job injuries as required by the Texas Workers' Compensation Laws. *See Exhibit 'G' attached to Plaintiff's motion to set-aside the final judgment... and incorporated by reference.* For the employer, Automatic Data Processing Inc. to prevail as a subscribing employer that had Workers' Compensation Insurance coverage under the Texas

Workers' Compensation laws, the findings of the Industrial Accident Board in Roll 1 must be based on certainty. In other words, the IAB (TWCC) finding must affirmatively state that the employer, Automatic Data Processing Inc. was a subscriber under the Texas Workers' Compensation Act and had Workers' Compensation Insurance coverage at the time of Patrick Olajide Akinwamide's on-the-job injuries. Otherwise, the Industrial Accident Board (TWCC) did not have the jurisdiction over the claim and the employer. See Tex. Rev. Civ. Stat. Ann. Art 8306, Section 4. Therefore, the employer failed to prove that it was a subscriber under the Texas Workers' Compensation Act and that it had Workers' Compensation Insurance at the time of Patrick Olajide Akinwamide's on-the-job injuries.

4) During the trial of Cause No. 97-48526, Plaintiff brought to the attention of the court the issue of the employer Automatic Data Processing Inc. not having Workers' Compensation Insurance coverage (Policy) at the time of Plaintiff's on-the-job injuries. The defendant's attorney Mr. Jeffrey L. Diamond in his representative capacity told the court that the issue was not brought to the attention of the Industrial Accident Board. As such, the matter was waived. And the only issue before this court which the court would have jurisdiction was what was discussed at the Industrial Accident Board. The court asked Mr. Diamond whether the Industrial Accident Board ever asked for proof of coverage, and Mr. Diamond responded "not when I was present in front of the Board." *See Exhibit 'A' CRR* Pgs. 12-13; 83-84; 98 and hereby incorporated by reference. Under the Texas Workers' Compensation Laws, the employer Automatic Data Processing Inc. subscriber status to the Texas Workers' Compensation Act (system) and proof of Workers' Compensation coverage at the time of employee's on-the-job injuries are the requirements to be met to invoke the Trial court's statutory authority over the Plaintiff's claim for compensation. *See Tex. Civ. Stat. Ann. Art 8306 et. seq. Middleton v Texas Power & Light Co. 294 U.S. 152, 153-54, 39 S. ct 227, 63 L. Ed 527 (1919);*

*Hartford Accident & Indemnity Company v Christenson, 149 Tex. 79, 228 S.W. 2d 135, 138, (1950); Paradissis v Royal Indemnity Company, 507 S.W. 2d 526, 529 (Tex. 1974).* The defendant, Automatic Data Processing Inc. did not prove its "subscriber" status and its Workers' Compensation coverage (policy) at the time of Plaintiff's work-related injuries as required by Texas Workers' Compensation Laws in Cause No. 97-48526. The provision of the Tex. Const. Art 1 Section 13 is premised upon the rational that the legislature has no power to make a remedy by due course of law contingent upon an impossible condition. *See Moreno v Sterling Drug Inc. 787 S.W. 2d 348, 355 (Tex. 1990).* In Cause No. 97-48526, there was no proof that the defendant, Automatic Data Processing Inc. was a subscriber to Texas Workers' Compensation Act at the time of Plaintiff's on-the-job injuries and there was no proof of its Workers' Compensation Insurance policy that covered the Plaintiff's on-the-job injuries. The due process of law and Texas Workers' Compensation Laws require that the defendants, specifically, Automatic Data Processing Inc. provide proof of "subscriber" status and the proof of its Workers' Compensation Insurance policy at the time of Plaintiff's on-the-job injuries, for it to qualify for the protection provided under the Texas Workers' Compensation Laws.

Acceptance of the claim by the Industrial Accident Board (TWCC) as argued by the defendants in Cause No. 97-48526 was not proof that the employer, Automatic Data Processing Inc. was a subscribing employer that had Workers' Compensation Insurance coverage at the time of Plaintiff's on-the-job injuries, on October 15, 1989. The defendants, Automatic Data Processing Inc, Transportation Insurance Company and CNA Insurance Company did not file an answer to "the Plaintiff's first amended petition alternative pleadings" but filed a motion to strike the amended pleadings which was not struck by the court. For an employer to satisfy its burden of establishing its status as a Workers' Compensation subscriber for the purposes of proving entitlement to protection from civil liability under Act's Exclusive Remedy Provision, Automatic Data Processing Inc. must prove that, at the time the Plaintiff sustained his work-related

injuries, it had Workers' Compensation Insurance in effect from an insurance company authorized to write Workers' Compensation Insurance in the State of Texas. *See Tex. Rev. Civ. Stat. Arts. 8306-8309, of the Texas Workers' Compensation Act.* The Plaintiff's common law causes of action remain as the only viable pleadings in Cause No. 97-48526, and all affirmative defenses available to the defendants are waived because the defendants did not file answer. As such, Automatic Data Processing Inc. and CNA Insurance Company are defendants in Cause No. 97-48526. The Honorable Court should amend its order of October 3, 2014 to include Automatic Data Processing Inc. and CNA Insurance Company as defendants in the style of cause No. 97-48526 WHEREFORE Premises Considered, Plaintiff, Patrick Olajide Akinwamide pray that the court grants his motion to correct the style of Cause No. 97-48526 to include Automatic Data Processing Inc. and CNA Insurance Company as defendants, and for such other and future relief, both legal and equitable, to which Plaintiff is justly entitled.

Respectfully submitted,

Patrick Olajide Akinwamide, Pro Se
2151 S. Kirkwood Road, Apt. #295
Houston, TX 77077
(832) 620-9345

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing instrument was delivered via certified mail, return receipt requested or hand delivered to all counsels of record on this the 9th day of October, 2014

Mr. Jeffrey L. Diamond

TX Bar No. 058025000

1010 San Jacinto Street

Houston, Texas 77002

Attorney of Record for Transportation Insurance Company, CNA Insurance Company and Automatic Data Processing Inc.

Patrick Olajide Akinwamide, ProSe

2151 S. Kirkwood Rd., Apt. 295

Houston, TX 77077

Tel: (832) 620-9345

State of Texas§

Harris County§

## VERIFICATION

Before Me, the undersigned Notary, on this personally appeared, Patrick Olajide Akinwamide, the Affiant, a person whose identity is known to me after I administered an oath to Affiant, Affiant testified:

1. "My name is Patrick Olajide Akinwamide. I am over 18 years of age, of sound mind and capable of making this affidavit. The facts in this affidavit are within my personal knowledge and are true and correct.

2. I am the Plaintiff and representing myself. All the documents included as exhibits in this motion are true and correct copies of the original.

3. The Court Reporters Record in the trial of Cause No. 97-48526 was not available in the records of the case with the District Clerk's office

4. Plaintiff made several attempts to reach the court reporter, Mrs. Carol N. Castillo but was not successful.

5. The excerpts of the original court reporters record returned to the Plaintiff from the Clerk of the 13th Court of Appeals, Corpus Christi are attached to this motion as Exhibit 'B'.

6. The excerpts attached to this motion as Exhibit 'B' are true and correct copies of the original.



ROSA E. JIMENEZ
Notary Public, State of Texas
My Commission Expires
June 09, 2017

Patrick Olajide Akinwamide, ProSe
2151 S. Kirkwood Road, Apt. 295
Houston, TX 77077
(832) 620-9345

Signed and sworn before me on the 9th day of October 2014

_____
Notary Public

understood.

The Plaintiff has brought to my attention the fact that he thinks that the Defendant cannot prove that this case is the correct workers' compensation case.

Did I understand that correctly?

MR. AKINWAMIDE: Yes, and that they don't have insurance with my employer, Automatic Data Processing, at the time of this injury.

THE COURT: And he believes that they did not have insurance with his employer at the time of this injury.

Is there a response to that?

MR. DIAMOND: Yes, ma'am. Number 1, this matter was never brought to the attention of the Industrial Accident Board. At the time that this case was initially heard --

THE COURT: You mean this specific issue as to whether or not it was the correct injury?

MR. DIAMOND: Yes, exactly. And as such, it is waived. The only issue that was brought to the Industrial Accident Board is whether this gentleman sustained an injury in the course and scope of his employment. And under the Texas

Workers' Compensation Act, the only issue that could then be brought to this Court and over which this Court would have jurisdiction is what is discussed at the Industrial Accident Board. There has been no findings, filings, or anything by --

MR. AKINWAMIDE: Excuse me. Can I get something from evidence?

THE COURT: Yes, you can pull something from your file, yes, sir.

MR. DIAMOND: -- by Mr. Akinwamide regarding this matter that he's raised to the Court on the day of trial. I don't know if the Court has jurisdiction over that issue, and it's been waived.

THE COURT: You may go ahead and bring them in and get them seated.

MR. DIAMOND: I think it's also been already addressed by the Court when Mr. Akinwamide attempted to have the case tried in the common law against ADP. That was the basis of his motion at that time. And it was denied by Judge Link.

THE COURT: Okay. Let me look at your papers, sir.

MR. AKINWAMIDE: Yes, ma'am. If I may respond to this.

relationship with ADP?

MR. AKINWAMIDE: My relationship is that during the time I was injured, I was working with them. So Transportation Insurance is not the one that I was working with during the time that I was injured. I was working with ADP.

THE COURT: Were you the carrier for ADP at the time he was injured?

MR. DIAMOND: Yes, ma'am.

THE COURT: Do you understand that relationship?

MR. AKINWAMIDE: Excuse me, ma'am?

THE COURT: Do you understand that Transportation Insurance Company carried a policy of workers' compensation?

MR. AKINWAMIDE: That is what is creating problem now. They didn't have that insurance. They didn't have workers' compensation insurance, and I have it in the file -- in the file that ADP sent to me. That's the reason why I made my petition. I said I had the -- the defendants.

THE COURT: What was your date of injury?

MR. AKINWAMIDE: That's October of 1998, and they have been struggling since that time

that they have insurance. They have the money to -- Texas Workers' Compensation. Even ADP and everybody, they were just telling me different things. The workers' compensation ruled on it and without -- they don't have insurance. They were trying to back them down -- I mean, to cover them up. Even I asked for the investigation they did; they never gave it to me.

THE COURT: Can you respond to that, Counsel?

MR. AKINWAMIDE: This Defendant --

THE COURT: I understand, sir, and I certainly understand --

MR. AKINWAMIDE: They've got to -- this is our insurance then --

THE COURT: I understand that.

MR. AKINWAMIDE: -- under oath.

THE COURT: Hold on a second. Tell me when the policy of the insurance went into effect.

MR. DIAMOND: Ma'am, Your Honor, I don't have that information, because, like I said, this was not an issue at any point in time during the pendency of this case.

THE COURT: It wasn't an issue



after about the three months they filed the paper that I told you that they don't have record, the Industrial Accident Board was asking the Transportation Insurance Company to present the employers and part of the injury and asked ADP to supply the same. They never did. It was --

THE COURT: What did the Board rule?

MR. DIAMOND: The Board ruled there was no injury in the course and scope.

THE COURT: Did the Board ever ask for proof of coverage?

MR. AKINWAMIDE: Yes.

MR. DIAMOND: Not when I was present in front of the Board. And my firm has been representing Transportation Insurance Company prior to the issuance of the award, which was issued, I want to say, in -- it was issued in '98, or '99 even, maybe '97.

MR. AKINWAMIDE: Yeah, that award paper was issued, but is it true through the operation of Transportation Insurance, ADP, and workers' compensation? I filed a motion for that, even I say that to them at the workers' compensation. I wrote my complaint to the investigator in this case

**FILED**
Chris Daniel
District Clerk

OCT 03 2014 2:16 PM

Time: _____ Harris County, Texas

By_____
Deputy

CAUSE NO. 9748526

| | | |
|---|---|---|
| PATRICK OLAJIDE AKINWAMIDE | § | IN THE DISTRICT COURT OF Harris County, Texas |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRANSPORTATION INSURANCE | § | |
| COMPANY | § | 80TH JUDICIAL DISTRICT |

## ORDER

ON THIS DAY, the Court considered Plaintiff's "Plaintiff's Motion to Set Aside the Final Judgment in Cause No. 97-48526 as Void, Dismiss the Plaintiff's Claim for Compensation for Lack of Jurisdiction Under the TWCA, and The Trial Court To Proceed With The Plaintiff's Common Law Causes Of Action Until Its Final Resolution"; Defendant's Response to same; and the arguments of Plaintiff and counsel. The Court finds that it has no plenary power over this case and the common law claims are barred by res judicata and collateral estoppel. Further, the Plaintiff's Motion is frivolous, groundless, brought in bad faith and brought for the purpose of harassment. Therefore, the Court **DENIES** Plaintiff's Motion as the Court has no plenary power to hear same and **ORDERS** the Plaintiff to ~~pay to the Defendant the sum of $1,500 in attorney fees.~~ appear before this Court to show cause as to why he should not be sanctioned under T.R.C.P Rule 13 and/or §10.001 - §10.004 of the Tex. Civ. Prac. & Rem. Code and for hearing of Motion under for Consideration of Order to §11.051 of C.P.R.C. to determine if Plaintiff is a Vexatious litigant, to be heard before this Court on October 24, 2014 at 11:30 a.m.

Signed this the ____ day of October, 2014.

Signed October 3, 2014

_____
Judge Presiding

APPROVED AS TO FORM:

J. DIAMOND AND ASSOCIATES, PLLC

_____
Mr. Jeffery L. Diamond
    State Bar No. 05802500
1010 n. San Jacinto Street
Houston, Texas 77002
Telephone: 713-227-6800
Facsimile: 713-227-6801

_____
Judge Presiding